UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- X

RADMILA GAVRILOVA and ELENA BRODSKY      :
on behalf of themselves and all others similarly situated,      :      Case No. Civ. 17-cv-7159
                                                                                          :
                                                                                          :      CLASS AND COLLECTIVE
                                                          Plaintiffs,      :      ACTION COMPLAINT
                              - against -                                     :
                                                                                          :
DIAGNOSTIC IMAGING GROUP, LLC, RAD NET, INC.,      :
and LEENA DOSHI individually                             :
                                                                                          :
                                                          Defendants.      :

-------------------------------------------------------------------------- X

Plaintiffs Radmila Gavrilova and Elena Brodsky on behalf of themselves and all others

similarly situated (collectively referred to as "Plaintiffs"), by and through their attorneys

Shulman Kessler LLP, complaining of the Defendants Diagnostic Imaging Group, LLC, Rad

Net, Inc., and Leena Doshi, individually (collectively "Defendants") alleges as follows:

**INTRODUCTION**

1.      This is a class and collective action brought on behalf of Defendants' current and

former technicians.  Plaintiffs bring this action to seek redress against Defendants for class-wide

unpaid wages, unpaid overtime, and notice and wage statement violations.

2.      Defendants have a widespread practice of failing to pay their technicians for all

hours worked.

3.       Defendants failed to pay Plaintiffs and class members' overtime pay for all hours

worked over forty per workweek.

4.      Plaintiff Radmila Gavrilova brings this action on behalf of herself and all similarly

situated current and former employees of Defendants pursuant to the Fair Labor Standards Act

("FLSA").

5.    Plaintiffs Radmila Gavrilova and Elena Brodsky bring this action on behalf of themselves and all similarly situated current and former technicians of Defendants for violations of New York Labor Law §§ 191, 193, 195(1), and 195(3).

## JURISDICTION & VENUE

6.    Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7.    This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

8.    This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff Radmila Gavrilova*

9.    Plaintiff Radmila Gavrilova is an individual who resides in Brooklyn, New York.

10.    At all times relevant to the Complaint, Radmila Gavrilova was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

11.    At all times relevant, Radmila Gavrilova was employed by Defendants as an ultrasound technician.

12.    Radmila Gavrilova expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit A).

*Plaintiff Elena Brodsky*

13.    Plaintiff Elena Brodsky is an individual who resides in Brooklyn, New York.

14.    At all times relevant to the Complaint, Elena Brodsky was an "employee" within the meaning of N.Y. Lab. Law § 190(2).

15.    At all times relevant, Elena Brodsky was employed by Defendants as an ultrasound technician.

*Defendant Diagnostic Imaging Group, LLC*

16.    Upon information and belief, Defendant Diagnostic Imaging Group, LLC ("DIG") is a New York limited liability company registered to do business in the State of New York.

17.    Defendant DIG was doing business as Doshi Diagnostic Imaging Center.

18.    Upon information and belief, Defendant DIG maintained its principle place of business at 560 S. Broadway Hicksville, NY 11801.

19.    At all times hereinafter mentioned, Defendant DIG was an "employer" within the meaning of all applicable statutes.

20.    At all times hereinafter mentioned, the activities of Defendant DIG constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

21.    Upon information and belief, Defendant DIG maintained control, oversight, and direction over their operations and employment practices.

22.    At all times hereinafter mentioned, Defendant DIG employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in

handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

23.    Defendant DIG's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

24.    At all relevant times, Defendant DIG maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

25.    Defendant DIG applied the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

***Defendant Rad Net, Inc.***

26.    Upon information and belief, Defendant Rad Net, Inc. ("Rad Net") is a foreign corporation authorized to do business in the State of New York.

27.    Defendant Rad Net was and still is doing business as Lenox Hill Radiology.

28.    Upon information and belief, Defendant Rad Net maintains its principle place of business at 1510 Cotner Avenue, Los Angeles, CA 90025.

29.    At all times hereinafter mentioned, Defendant Rad Net was and still is an "employer" within the meaning of all applicable statutes.

30.    At all times hereinafter mentioned, the activities of Defendant Rad Net constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

31.    Upon information and belief, Defendant Rad Net maintains control, oversight, and direction over their operations and employment practices.

4

32.    At all times hereinafter mentioned, Defendant Rad Net employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

33.    Defendant Rad Net's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

34.    At all relevant times, Defendant Rad Net maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

35.    Defendant Rad Net applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of wages and overtime compensation.

36.    Upon information and belief, upon acquiring DIG's business, Rad Net substantially continued DIG's business operations.

37.    Upon information and belief, upon acquiring DIG's business, Rad Net used the same facilities to operate.

38.    Upon information and belief, upon acquiring DIG's business, Rad Net retained DIG's employees.

39.    Specifically, Rad Net continued to employ Plaintiffs after acquiring DIG's business.

40.    Upon information and belief, upon acquiring DIG's business, Rad Net maintained the same jobs.

5

41.    Upon information and belief, upon acquiring DIG's business, Rad Net employed the same supervisors.

42.    Upon information and belief, upon acquiring DIG's business, Rad Net used the same equipment and methods.

43.    Upon information and belief, upon acquiring DIG's business, Rad Net offered the same services as DIG, that is, Rad Net continued to provide imaging services.

44.    Upon information and belief, when Rad Net acquired DIG's business Rad Net had actual or constructive notice of the wage-and-hour violations alleged in this Complaint.

45.    Upon information and belief, DIG is unable to provide complete relief to Plaintiff.

***Defendant Leena Doshi***

46.    Upon information and belief, and at all times hereinafter mentioned, Defendant Leena Doshi owned and/or operated Defendant DIG.

47.    Upon information and belief, and at all times hereinafter mentioned, Defendant Leena Doshi is an agent of Defendant DIG.

48.    Upon information and belief, and at all times hereinafter mentioned, Leena Doshi was a manger and supervisor of Defendant DIG.

49.    Upon information and belief, and at all times hereinafter mentioned, Defendant Leena Doshi had the authority over personnel decisions for Defendant DIG.

50.    Upon information and belief, and at all times hereinafter mentioned, Defendant Leena Doshi had the authority over payroll decisions for Defendant DIG.

51.    Upon information and belief, and at all times hereinafter mentioned, Defendant Leena Doshi supervised employees of Defendant DIG.

52.     Upon information and belief, and at all times hereinafter mentioned, Defendant Leena Doshi had the authority to hire and fire employees for Defendant DIG.

53.     Defendant Leena Doshi had the power to make binding decisions for Defendant DIG.

54.      Defendant Leena Doshi had the power to transfer the assets or liabilities of Defendant DIG.

55.      Defendant Leena Doshi had the power to declare bankruptcy on behalf of Defendant DIG.

56.      Defendant Leena Doshi had the power to enter into contracts on behalf of Defendant DIG.

57.     At all times hereinafter mentioned, Defendant Leena Doshi was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

58.     Plaintiff Gavrilova brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendants as a technician within the last 3 years and who elect to opt-in to this action.

59.     Plaintiff represents other technicians, and is acting on behalf of Defendants' current and former technicians' interests as well as her own interests in bringing this action.

60.     Defendants unlawfully required Plaintiff and all individuals employed as technicians to work in excess of 40 hours per week without paying them overtime compensation for all hours they worked in excess of 40 hours per week.

61.    Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All technicians who are currently or have been employed by Defendants at any time during the 3 years prior to the filing of their respective consent forms (hereinafter, the "FLSA Collective").

62.    Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 hours per workweek.

63.    The FLSA Collective is readily identifiable and locatable through the use of Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## NEW YORK CLASS ALLEGATIONS

64.    Plaintiffs bring the Second, Third, Fifth, and Sixth Causes of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All technicians who are currently, or have been employed by Defendants, in the State of New York at any time during the prior 6 years, to the entry of the judgment in the case (hereinafter, the "New York Class").

65.     The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

66.     The Second, Third, Fifth and Sixth Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

      a.  whether Defendants failed to keep accurate time records for all hours worked by the New York Class Representative and the New York Class;

      b.  whether Defendants failed to pay proper compensation to New York Class Representative and the New York Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law § 190;

      c.  whether Defendants failed to pay proper compensation to New York Class Representative and the New York Class for all hours worked in violation of N.Y. Lab. Law §191;

      d.  whether Defendants failed to furnish the New York Class Representative and New York Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

      e.  the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representative and the New York Class;

      f.  whether Defendants acted willfully or with reckless disregarding in its failure to pay the New York Class Representative and the New York Class; and

      g.  the nature and extent of class-wide injury and the measure of damages for those injuries.

67.     The New York Class Representatives fairly and adequately protects the interests of the New York Class and have no interests antagonistic to the class.  The named Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

68.    Further, the New York Class Representatives and the New York Class have been equally affected by Defendants' failure to pay proper wages.  Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

69.    Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

70.    The New York Class Representatives' claims are typical of those of the New York Class.  The New York Class Representative and the other New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  The New York Class Representative's job duties are typical of those of the class members.

71.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**CLASS-WIDE FACTUAL ALLEGATIONS**

10

72.    Plaintiffs, the members of the FLSA Collective and New York Class (collectively, "Class Members") are victims of Defendants' common policy and plan that violated their rights under the FLSA and the NYLL by failing to pay proper compensation for all hours worked and failing to properly compensate at the proper overtime rate for all hours over forty worked per workweek. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

73.    Additionally, Plaintiffs and Class Members were often so busy that they worked through lunch; however, despite employees not taking a lunch break, Defendants consistently deducted a half hour from their pay every workday as an alleged lunch break.

74.    Plaintiffs and Class Members often noticed after receiving their paystub that they were missing several hours of overtime pay.

75.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and/or NYLL. Defendants' policy and pattern or practice includes, but is not limited to:

    a.   Willfully failing to pay its employees, including Plaintiffs and Class Members, wages for all of the hours that they worked;

    b.   Willfully failing to pay its employees, including Plaintiffs and Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek; and

    c.   Failing to provide accurate paystubs to their employees, including Plaintiffs and Class Members.

76.    Defendants were or should have been aware that the FLSA and NYLL required it to pay its technicians overtime pay for all hours worked in excess of 40 per week.

77.    Defendants' failure to pay Plaintiffs and Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

78.     Defendants were or should have been aware that the NYLL required it to pay its technicians for all hours worked in up to and including 40 per week.

79.     Defendants' failure to pay Plaintiffs and Class Members wages for all of their work up to and including 40 hours per week was willful, intentional, and in bad faith.

80.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFFS' FACTUAL ALLEGATIONS

*Radmila Gavrilova*

81.     Plaintiff Radmila Gavrilova was an employee of Defendants, working under their direct supervision.

82.     Radmila Gavrilova was employed by Defendants from in or about 2007 to 2017 as an ultrasound technician.

83.     Radmila Gavrilova and other employees were paid time and a half for some, but not all of the hours he worked over 40 per workweek.

84.     Radmila Gavrilova spoke to sonogram technicians at Defendants' Avenue R, Bay Ridge, and Bensonhurst locations who informed her that they were not being paid overtime for all hours they worked over 40 per workweek.

85.     Radmila Gavrilova would work over 40 hours per workweek, approximately twice a month.

86.     Radmila Gavrilova would notice on her paystubs every other month that she was was not paid several hours of overtime pay.

87.     Defendants failed to compensate Radmila Gavrilova for all hours worked in excess of 40 hours per week at a rate of at least 1 and ½ times her regular rate, throughout the entire term of her employment with Defendants.

88.    Defendants failed to compensate Radmila Gavrilova and other employees at their regular hourly rate for hours for the initial 40 hours they worked per workweek.

89.    Radmila Gavrilova spoke to sonogram technicians at Defendants' Avenue R, Bay Ridge, and Bensonhurst locations and mammogram and x-ray technicians at the Mill Basin location who informed her that they consistently did not take a lunch break, but were deducted a half hour from their pay every workday for an alleged lunch break.

90.    Specifically, Radmila Gavrilova was forced to work through her lunch break approximately twice a week.

91.    Although Radmila Gavrilova did not take a lunch break, Defendants consistently deducted a half hour every workday from her pay as an alleged lunch break.

92.    Radmila Gavrilova was on a medical leave for approximately one year after Defendant Rad Net bought Defendant DIG.

93.    In March of 2017, Radmila Gavrilova returned to work and began working for Defendant Rad Net.

94.    Defendant Rad Net failed to pay any wages to Radmila Gavrilova for the first two and half weeks she worked for Defendant Rad Net in March of 2017.

95.    Defendants failed to furnish Radmila Gavrilova with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

96.    Defendants failed to furnish Radmila Gavrilova with a notice of wages in 2011, 2012, 2013, 2014, and 2015.

**Elena Brodsky**

97.    Plaintiff Elena Brodsky was an employee of Defendants, working under their direct supervision.

13

98.    Elena Brodsky was employed by Defendants from in or about March 2010 to February 2012 and for one month in about December of 2016 as an ultrasound technician.

99.    From about March of 2010 to about February 2012, Elena Brodsky worked at the Defendants' Besonhurst location.

100.    Elena Brodsky and other employees were paid time and a half for some, but not all of the hours he worked over 40 per workweek.

101.    Elena Brodsky consistently worked over 40 hours per workweek.

102.    Typically, Elena Brodsky worked from 8 A.M. to 4:30 P.M. Monday to Friday, and two to three Saturdays a month from 8 A.M. to 5 or 6 P.M.

103.    Elena Brodsky would notice on her paystubs once a month that she was not paid several hours of overtime pay.

104.    Defendants failed to compensate Elena Brodsky for all hours worked in excess of 40 hours per week at a rate of at least 1 and ½ times her regular rate, throughout the entire term of her employment with Defendants.

105.    Defendants failed to compensate Elena Brodsky and other employees at their regular hourly rate for hours for the initial 40 hours they worked per workweek.

106.    Specifically, Elena Brodsky was forced to work through her lunch break every day.

107.    Although Elena Brodsky did not take a lunch break, Defendants consistently deducted a half hour every workday from her pay as an alleged lunch break.

108.    In December of 2016, Elena Brodsky returned to work and began working for Defendant Rad Net at the Brooklyn Avenue location.

109.    Elena Brodsky worked Monday to Friday from 9 AM. to 5 P.M for approximately one month.

110.    Defendant Rad Net failed to pay any wages to Elena Brodsky for the one month she worked for Defendant Rad Net in December 2016.

111.    Defendants failed to furnish Elena Brodsky with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

112.    Defendants failed to furnish Elena Brodsky with a notice of wages in 2011, 2012, and 2016.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff Gavrilova and the FLSA Collective)**

113.    Plaintiff Gavrilova realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Plaintiff Gavrilova and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

115.    Defendants employed Plaintiff Gavrilova and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Gavrilova and the members of the FLSA Collective for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

116.    Plaintiff Gavrilova has expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

117.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff Gavrilova and the FLSA Collective.

118.    Because Defendants' violations of the FLSA were willful, a 3-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

119.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Gavrilova and members of the FLSA Collective incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

120.    Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

121.    Defendants employed Plaintiffs and members of the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiff and the New York Class for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

122.    By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

123.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and members of the New York Class.

124.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and the New York Class.

125.    Defendants' failure to pay overtime compensation to Plaintiffs and the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

126.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

127.    Plaintiffs, on behalf of herself and the New York Class, seeks recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Unpaid Non-Overtime Wages
### (Brought on behalf of Plaintiffs and the members of the New York Class)

128.    Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

129.    Plaintiffs and members of the New York Class are entitled to their regular hourly wage for each hour they worked for Defendants up to and including 40 hours per week.

130.    Defendants employed Plaintiffs and members of the New York Class and willfully failed to compensate Plaintiffs and members of the New York Class at their regular hourly rate for the time spent working up to and including 40 hours per week, in violation of the requirements of the NYLL, specifically N.Y. Lab. Law § 661(3).

131.    The complete records concerning the number of hours worked by Plaintiffs and members of the New York Class as well as the compensation Plaintiffs and members of the New York Class received in workweeks in which unpaid hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiffs are unable to state at this time the exact amount due and owing to them.

132.    By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*

133.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and members of the New York Class.

134.     Defendants' failure to pay compensation to Plaintiffs and members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

135.     As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and Defendants are indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

136.     Plaintiffs, on behalf of themselves and the New York Class, seeks recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**FOURTH CAUSE OF ACTION**
**NYLL – Unpaid Non-Overtime Wages**
**(Brought on behalf of Plaintiffs against Defendant Rad Net)**

137.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

138.     Plaintiffs are entitled to their regular hourly wage for each hour their worked for Defendant Rad Net up to and including 40 hours per week.

139.     Defendant employed Plaintiffs and willfully failed to compensate Plaintiffs at their regular hourly rate for the time spent working up to and including 40 hours per week, in violation of the requirements of the NYLL, specifically N.Y. Lab. Law § 661(3) for weeks at the start of their employment with Defendant Rad Net.

140.     By the course of conduct set forth above, Defendant Rad Net violated N.Y. Lab. Law § 650, *et seq.*

141.     Defendant Rad Net's failure to pay compensation to Plaintiffs was willful within the meaning of N.Y. Lab. Law § 663.

142.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs have incurred damages thereby and Defendant Rad Net is indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendant Rad Net's unlawful and willful conduct, as the Court deems just and proper.

143.    Plaintiffs seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendant Rad Net as provided by the NYLL.

**FIFTH CAUSE OF ACTION**
**NYLL – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

144.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

145.    Defendants have failed to supply Plaintiffs and the members of the New York Class with proper annual wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; overtime rate; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the

telephone number of the employer; plus such other information as the commissioner deems material and necessary.

146.    Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the New York Class are entitled to statutory penalties of fifty dollars each workday that Defendants failed to provide Plaintiffs and the members of the New York Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

147.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

148.    Defendants failed to supply Plaintiffs and the members of the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:  dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

149.    Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, seeks for the following relief:

A.    That, at the earliest possible time, Plaintiff Gavrilova be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as technicians, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Unpaid non-overtime pay and liquidated damages permitted by law pursuant to the NYLL;

E.      Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

F.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.      Designation of Plaintiffs as the representative of the New York Class, and counsel of record as Class Counsel;

H.      Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190, *et seq*.;

L.      An injunction requiring Defendant to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190, *et seq*.;

M.      Reasonable incentive award for Plaintiffs to compensate them for the time she spent attempting to recover wages for the Class and for the risks she took in doing so; and

N.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
       December 8, 2017                  Respectfully submitted,

                               By: */s/ Troy L. Kessler*

Troy L. Kessler

**SHULMAN KESSLER LLP**
Troy L. Kessler
Saranicole A. Duaban
534 Broadhollow Road, Suite 275
Melville, NY 11747
Telephone: (631) 499-9100

***Attorneys for Plaintiffs and the
Putative FLSA Collective and
New York Class***