**SHULMAN**KESSLER
LLP

December 7, 2018

<u>Via ECF</u>
Hon. Robert M. Levy, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Gavrilova et. al. v. Diagnostic Imaging Group, LLC et. al.*
      Case No.: 17 Civ. 7159 (RML)

Dear Judge Levy:

  The parties jointly write to request that the Court approve the settlement reached in this matter. It is respectfully submitted that the Court should approve the Settlement Agreement ("Agreement") attached to the Declaration of Saranicole A. Duaban[1] ("Duaban Decl.") as Exhibit A ("Ex. A") and so order the Stipulation and Order of Dismissal with Prejudice ("Ex. B"), as the settlement reflects a reasonable compromise of contested issues reached by an arms-length negotiation between the parties, who were adequately represented by counsel.

**I. Background**

  Plaintiffs Radmila Gavrilova and Elena Brodsky worked for Defendants Diagnostic Imaging Group, LLC, RadNet, Inc. and Leena Doshi (collectively "Defendants") as ultra-sound technicians. *See* Duaban Decl. ¶ 20. On December 8, 2017, Plaintiffs filed a Complaint alleging that they were not paid the proper compensation in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *Id.*

  An initial conference was held on April 25, 2018. *Id.* at ¶ 23. Prior to the initial conference, the parties agreed to engage in mediation to assist the parties in settling the claims. *Id.* at ¶ 22. The parties engaged in preliminary discovery in anticipation of a mediation scheduled for August 10, 2018. *Id.* at ¶ 25. Defendants provided payroll records, time records and hiring documents. *Id.* ¶ 26. Plaintiffs provided a detailed spreadsheet containing damages calculations. *Id.* ¶ 27. Thereafter, the parties then engaged in settlement negotiations by e-mail and by telephone, and ultimately settled this matter without the need for mediation. *Id.* ¶ 28.

  Once the settlement was reached, counsel negotiated the terms of the Agreement (Ex A). *Id.* ¶ 27. The Agreement indicates that the total of $58,000.00 will be paid to Plaintiffs and their counsel ("Settlement Amount"). *Id.* ¶ 31; Ex. A ¶ 2.

---

[1]  All Exhibits hereinafter are attached to the Duaban Decl.

534 Broadhollow Road, Suite 275
Melville, New York 11747
Tel 631.499.9100  Fax 631.499.9120
www.shulmankessler.com

Hon. Robert M. Levy, U.S.M.J.
Re: *Gavrilova et. al. v. Diagnostic Imaging Group, LLC et. al.*
December 7, 2018
Page 2 of 4

Plaintiffs' counsel seeks one-third of the Settlement Amount as attorney's fees and reimbursement of disbursements for a total of $19,200.00. Duaban Decl. ¶ 33; Ex. A ¶ 2(e). The Agreement has been fully executed by all parties. Ex. A.

## II.     The Proposed Settlement Is Fair and Reasonable.

Parties may not enter into a FLSA settlement agreement and stipulate to the dismissal of their case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) without Court approval. *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F.Supp.2d 332, 335 (S.D.N.Y 2012) (district court must evaluate a settlement to determine if it is fair and reasonable).

In evaluating the fairness and reasonableness of the proposed settlement, the Court should consider the totality of the circumstances. *See Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14 Civ. 2824, 2015 WL 6550560, at *2 (E.D.N.Y. Oct. 28, 2015). To make this determination the court examines five factors "(1) plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) the possibility of fraud or collusion." *Wolinsky*, 900 F.Supp.2d at 335 (S.D.N.Y. 2012). Additionally, the Court should be mindful of the "admonitions" set forth in *Cheeks*. *Gonzales*, 2015 WL 6550560, at *1. The settlement here satisfies the five *Wolinksy* factors and does not conflict with the *Cheeks* admonitions.

First, the settlement is fair and reasonable because it represents 34% of Plaintiffs' asserted best case scenario including liquidated damages and interest. (Ex. E). The settlement also represents 100% of Plaintiffs' asserted best case scenario for Plaintiff Brodsky's unpaid wages, and 84% of Plaintiffs' asserted best case scenario of Plaintiff Gavrilova's unpaid wages. *See* Duaban Decl. ¶ 39. The second and third *Wolinsky* factors are met because both parties will avoid the expense and risk of a lengthy fact specific trial. The fourth and fifth *Wolinsky* factors are also satisfied as the settlement is the product of an arms-length negotiation and void of fraud or collusion. *See id*. ¶ 28. The negotiations took place between experienced employment law attorneys and was conducted at arm's length. *See id*. Thus, there can be no suggestion of fraud or collusion between the parties or their counsel.

## III     The Proposed Settlement Does Not Conflict with the *Cheeks* Admonitions.

The Agreement does not present any of the *Cheeks* problems. *See Nieto v. Izzo Construction Corp.*, No. 15 Civ. 6958, 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (Levy, Mag.)

Hon. Robert M. Levy, U.S.M.J.
Re: *Gavrilova et. al. v. Diagnostic Imaging Group, LLC et. al.*
December 7, 2018
Page 3 of 4

"These include (1) an overbroad general release that stretches way beyond the wage and hour claims in this case; (2) a no-reemployment/no-hire clause; (3) a non-assistance clause that appears designed to frustrate the remedial purpose of the FLSA… (5) an overly broad non-disparagement clause that would prevent Plaintiff from speaking openly and honestly with other about his experience in litigating this case." *Id.* at 2-3.

    First, the Agreement does not contain a confidentiality provision.  Second, the Agreement only provides for a release of Plaintiffs' NYLL and FLSA claims against the employer up to the date of the signing of the Agreement.  Ex. A ¶ 7(a).  The Agreement does contain a non-disparagement clause; but, it specifically carves-out allowing "truthful statements concerning Plaintiffs' experience in litigating this case."  Ex. A ¶ 10.  This clause, therefore, does not conflict with *Cheeks*.  *See Galladro v. PS Chicken, Inc.*, No. 17 Civ. 3702, 2018 WL 1251980 at *2 (E.D.N.Y. March 9, 2018) (Levy, Mag.) (approving settlement agreement after amending non-disparagement clause to insert carve-out for truthful statements concerning litigation).

### IV.    Attorney's Fees and Costs

    Plaintiff's counsel's requested fees are one-third of the gross Settlement Amount total sum, which is reasonable, considering the time Plaintiffs' counsel spent litigating this claim.  *See* Duaban Decl. ¶¶ 20-27.  In wage and hour lawsuits, the "percentage-of-recovery method is consistent with the trend in this Circuit."  *See Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 102 (E.D.N.Y. 2015).  Plaintiffs' counsel's request for a contingency fee of one-third of the settlement is consistent with the norms in this district. *See Abrar v. 7-Eleven, Inc.*, No. 14 Civ. 6315, 2016 WL 1465360 *1 (E.D.N.Y. Apr. 14, 2016) (collecting cases).

    The practice in the Second Circuit has been to apply the percentage method and loosely use the lodestar method as a "cross check."  *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000).  Here, SK's requested fee applies a multiplier of 1.29 on the current lodestar amount.  *See* Duaban Decl. ¶¶ 44-50; Exs. C, D and E. "Courts regularly award multiplier from two to six times the lodestar."  *Weston et. al. v. TechSol, LLC*, No. 17 Civ. 0141, 2018 WL 4693527, at *9 (E.D.N.Y. Sept. 28, 2018) (collecting cases); *see e.g.*, *Hall v. ProSource Technologies, LLC*, No. 14 Civ. 2502, 2016 WL 1555128, at *17 (E.D.N.Y. April 11, 2016) (finding a 2.08 multiplier to be reasonable under the *Goldberger* factors and in accordance with other Second Circuit cases).

    The Court should also consider whether the proposed attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.  *Goldberger*, 209 F.3d at 50.  Based on



Hon. Robert M. Levy, U.S.M.J.
Re: *Gavrilova et. al. v. Diagnostic Imaging Group, LLC et. al.*
December 7, 2018
Page 4 of 4

Plaintiffs' counsels' contemporaneous records documenting time and labor spent on reaching this settlement (Ex. C (SK Time Records); Ex. D (Time Records Summary)), the risks involved in litigating this matter, the quality of Plaintiffs' counsel's representation, and the public policy considerations, the parties jointly request the Court approve Plaintiffs' counsels' requested attorney's fees. *See* Duaban Decl. ¶¶ 44-50.

*   *   *   *

Accordingly, Plaintiffs and Defendants respectfully request that the Court approve the settlement, and so order Stipulation and Order of Dismissal with Prejudice attached as Exhibit B.

We thank the Court for its consideration.

Very truly yours,

*/s/ Saranicole A. Duaban*
Saranicole A. Duaban

cc: Justin Keith (ECF)